Mohammed Shah Alam KADIR, Nina Alam, and Zaiden Razin Bin Kader, Petitioners,

v.

Paul D. CLEMENT,[1] Acting U.S. Attorney General, Respondent.

Nos. 07–0492–ag (L), 07–0494–ag (con).

United States Court of Appeals, Second Circuit.

Sept. 17, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Paul D. Clement is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Salim Sheikh, New York, New York, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Mohammed Shah Alam Kadir, Nina Alam, and Zaiden Razin Bin Kader, natives and citizens of Bangladesh, seek review of a January 25, 2007, order of the BIA denying their motion to reopen removal proceedings. *In re Nina Alam, Mohammed Shah Alam Kadir, and Zaiden Razin Bin Kader,* Nos. A73 674 506, A73 589 629, A73 674 505 (B.I.A. Jan. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't. of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

We conclude that the BIA did not abuse its discretion in denying the petitioners' motion as untimely and numerically barred, as it was their third motion to reopen and it was not filed within 90 days of the BIA's decision affirming the IJ's denial of their claims for relief. The regulations provide that a party may file only one motion to reopen, and that such motion must be filed no later than 90 days after the final administrative decision sought to be reopened. 8 C.F.R. § 1003.2(c)(2). These temporal and numerical limitations do not apply to motions to reopen based on changed circumstances arising in the country of nationality, if the motion is supported by evidence that is "material and was not available and could not have been discovered or presented at

the previous hearing." *Id.* § 1003.2(c)(3)(ii).

Here, the BIA found that the newspaper articles submitted by petitioners, which "related to Bangladesh Supreme Court justices abstaining from work, and to two apparent instances of terrorism," failed to establish changed country conditions in Bangladesh sufficient to excuse the petitioners' failure to adhere to the filing requirements for motions to reopen as set forth in 8 C.F.R. § 1003.2(c)(2). Indeed, the petitioners' motion to reopen was based on Kadir's fear of persecution by the Awami League because of his political activity with the Freedom Party, and on persecution from radical Islamists as deportees from the West. However, nothing in the submitted newspaper articles supports the petitioners' claimed fears of persecution.

Moreover, the BIA found that the documents submitted by petitioners failed to overcome the IJ's underlying adverse credibility determination. In their brief to this Court, the petitioners now argue the merits of their underlying claims for relief. They also argue that the BIA failed to consider their argument that the IJ deprived them of due process. However, we are precluded from considering the merits of the underlying removal proceedings, because our review is confined to the BIA's January 2007 order. *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.